UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEESKENS HERBERT TINEO ARONI,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT et al.,<br><br>Respondents. | CASE NO. 2:26-cv-03980-JNW<br><br>ORDER |

Petitioner Neeskens Herbert Tineo Aroni is a citizen of Peru who has been detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington since October 15, 2026. Dkt. No. 1 ¶¶ 20, 26. Proceeding pro se, Tineo Aroni petitioned for a writ of habeas corpus on October 19, 2026. Dkt. No. 1. The same day, he moved for a temporary restraining order (TRO) to enjoin Respondents from removing him to another country and from transferring him to another facility outside the state during the pendency of these proceedings. Dkt. No. 2 at 4. In the alternative, he asks the Court to direct Respondents to file a notice on the docket at least 72 hours before any transfer out

of the District. *Id.* Tineo Aroni asks the Court to issue the TRO without a response from Respondents under Federal Rule of Civil Procedure 65(b). *Id.*

Under Rule 65(b), "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Tineo Aroni argues he will suffer irreparable harm absent injunctive relief because NWIPC "has a record of moving people out of this District, and out of the State of Washington, with no warning." Dkt. No. 2 at 2. The Court understands that removal proceedings can move quickly and unpredictably. Courts have recognized that transferring a habeas petitioner interferes with the orderly administration of pending litigation. *See, e.g.*, *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *7 (N.D. Cal. Aug. 21, 2025) ("Here, the Court finds that equities strongly favor Petitioner remaining in this District pending the resolution of this matter because this will expedite resolution of this matter[.]"). However, the Court's Scheduling Order already addresses these concerns. *See Aslan v. Wamsley*, No. 2:25-CV-02698-JNW, 2026 WL 84000, at *2 (W.D. Wash. Jan. 12, 2026).

On October 19, 2026, the Court entered a Scheduling Order directing Respondents to show cause why the writ should not be granted and file a return by November 2, 2026. Dkt. No. 4 at 2. The Scheduling Order requires Respondents to provide at least 7 days' notice before any action to move or transfer Tineo Aroni

from the Western District of Washington or to remove him from the United States. This notice requirement ensures that Tineo Aroni will be able to seek emergency relief before any transfer or removal occurs. Given the expedited briefing schedule, the Court concludes that the Scheduling Order provides adequate interim protection against the harms Tineo Aroni identifies. If Respondents provide notice of an intent to transfer or remove Tineo Aroni before the Court rules on his habeas petition, he may seek injunctive relief at that time.

Accordingly, Tineo Aroni's motion for a temporary restraining order, Dkt. No. 2, is DENIED WITHOUT PREJUDICE.

Dated this 19th day of October, 2026.

Jamal N. Whitehead
United States District Judge