UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEESKENS HERBERT TINEO ARONI,<br>Petitioner,<br>v.<br>BRUCE SCOTT et al.,<br>Respondents. | CASE NO. 2:26-cv-03980-JNW<br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## 1. INTRODUCTION

On October 15, 2026, Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner Neeskens Herbert Tineo Aroni, an asylum applicant from Peru, in Kent, Washington. He now petitions for a writ of habeas corpus. For the reasons below, the Court GRANTS the petition and ORDERS his immediate release.

## 2. BACKGROUND

Tineo Aroni is a 48-year-old native of Peru who came to the United States around November 2022 seeking asylum. Dkt. No. 1 ¶ 2. Border Patrol agents apprehended him on November 6, 2022, issued him a Notice to Appear ("NTA") in

immigration court, and released him on an order of recognizance ("OREC"). Dkt. No. 8 ¶ 5. On February 18, 2023, ICE issued a superseding NTA charging Tineo Aroni as present in the United States without being admitted or paroled, and therefore, removable under the Immigration and Nationality Act (INA) § 212(a)(6)(A)(i). Dkt. No. 9-2 at 2.

Over three years later, on October 15, 2026, ICE detained Tineo Aroni in Kent, Washington and served him a notice of arrest. Dkt. No. 8 ¶ 9. That same day he was transferred to the Northwest ICE Processing Center ("NWIPC") where he remains. *Id.* An officer "canceled" the OREC noting that Tineo Aroni failed to comply with the conditions of release when he did not update his address with ICE. Dkt. Nos. 9-1 at 3; 9-3 at 2.

## 3. DISCUSSION

### 3.1 Legal standard.

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*,

393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) ("petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief" when challenging incarceration by the state under 28 U.S.C. §§ 2254). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

**3.2 Tineo Aroni is not subject to mandatory detention.**

The Government argues that Tineo Aroni's detention is lawful under 8 U.S.C. § 1225(b)(2)(A), which states that a noncitizen "seeking admission . . . shall be detained" if "not clearly and beyond a doubt entitled to be admitted." Dkt. No. 7 at 4. As the Government acknowledges, however, courts in this District have held that noncitizens re-detained after release on an OREC are not subject to mandatory detention, as they are not, at their time of their arrest, seeking admission. *Id.* at n.2. *See, e.g.*, *Perdomo-Gomez v. Scott et al.*, No. 2:26-CV-03907-JNW, 2026 WL 3205759, at *2 (W.D. Wash. Oct. 26, 2026) (citing *Ortega Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226)). The Government "respectfully disagree[s]" with the Court's position. The Court finds no reason to change its position.

It is undisputed that Tineo Aroni was released on an OREC, which declares that he was released "[i]n accordance with section 236 of the Immigration and Nationality Act [8 U.S.C. § 1226]." Dkt. No. 9-3 at 2. Immigration officials thus determined that Tineo Aroni was subject to Section 1226(a)—*not* Section 1225(b)—when they released him on his own recognizance.

The Government's contrary argument rests on that 2022 encounter. Because Border Patrol apprehended Tineo Aroni within 14 days of entry and within 100 air miles of the border, the Government says, he is "an arriving alien now placed in removal proceedings." Dkt. No. 7 at 4. True, noncitizens caught crossing the border can fall within Section 1225(b)(2)(A); "at that time," they're seeking entry. *Rodriguez Vazquez*, 183 F.4th at 1182. But the Government didn't treat Tineo Aroni that way then. It released him under Section 1226, Dkt. No. 9-3 at 2, and its NTA charged him as present without admission—not as an arriving alien—in regular removal proceedings, Dkt. No. 9-2 at 2. And when ICE re-arrested him nearly four years later, it did so in the interior and on a warrant. Dkt. No. 9-1 at 3, 5; see 8 U.S.C. § 1226(a) (authorizing arrest "[o]n a warrant issued by the Attorney General"). He is not now "seeking admission." See *Rodriguez Vazquez*, 183 F.4th at 1178.

Under these circumstances, Tineo Aroni's detention falls within Section 1226(a)'s discretionary detention scheme, not Section 1225(b)'s mandatory detention provisions. *See Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1197 (W.D. Wash. 2025).

In the alternative, the Court finds that the due process requirements articulated in this order apply regardless of whether Tineo Aroni is detained under Section 1225(b) or 1226(a). *See Flores Torres v. Hermosillo et al.*, Case No. 2:25-cv-02687-LK, 2026 WL 145715, at *2, 7–8 (W.D. Wash. Jan. 20, 2026) (holding that noncitizen detained under Section 1225(b), released under Section 1182(d)(5)(A), and subsequently re-detained had due process right to notice and opportunity to be heard before revocation of release).

**3.3 Tineo Aroni's re-detention and OREC revocation violated due process.**

The Government argues that Tineo Aroni's re-detention comported with due process. Dkt. No. 7 at 5. To determine what process the Government must provide before depriving a person of a constitutionally protected interest, courts apply the test set out in *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). They weigh the private interest at stake, the risk of erroneous deprivation through existing procedures, and the Government's interest. *Id.*

First, Tineo Aroni has a strong private interest in his liberty as "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. That liberty interest exists even when release is conditional, and it must be afforded substantial weight. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (collecting cases). The question here isn't whether Tineo Aroni may be detained; it's whether he may be detained without any process at all. Relatedly, Tineo Aroni "has an interest in the government adhering to the

requirement not to re-detain him absent (1) a revocation made by an appropriate official and (2) a material change in circumstances." *Singh v. Noem*, No. 2:26-CV-00503-LK, 2026 WL 657036, at *6 (W.D. Wash. Mar. 9, 2026); *see also* 8 C.F.R. § 236.1(c)(9).

Second, the risk of erroneous deprivation and the value of additional procedures are high. The Government argues the risk is "minimal" because Tineo Aroni's re-detention and revocation were "based on objective facts." Dkt. No. 7 at 6. It argues that Tineo Aroni changed his residence without first securing written permission in violation of the OREC. *Id.* But no neutral decisionmaker has had the chance to make this determination. Moreover, "[t]hat the Government may believe it has a valid reason to detain [Tineo Aroni] does not eliminate its obligation to effectuate the detention in a manner that comports with due process." *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025). And courts have repeatedly found that the Government must provide due process to noncitizens before revoking supervised release and re-detaining them. *See Tesara v. Wamsley*, No. C25-1723-KKE-TLF, 2025 WL 3288295, at *1, *6 (W.D. Wash. Nov. 25, 2025) (even when it alleges supervised release violations, the Government must provide notice and a pre-detention hearing to comply with due process); *Ledesma Gonzalez*, 808 F. Supp. 3d at 1203; *Pineda v. Chestnut*, No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *5 (E.D. Cal. Jan. 5, 2026) ("Although Respondents allege in their opposition that Petitioner repeatedly violated the terms of her release [citation omitted], no neutral arbiter has determined whether those facts show that

Petitioner is a flight risk or danger to the community."). Thus, the risk of erroneous deprivation is significant.

Third, the Government invokes its interest in "efficient enforcement" of Tineo Aroni's removal. But the Government's interest in removing noncitizens whose applications have been denied, "is not implicated here, where [Tineo Aroni's] detention is at issue—not [his] removal from the United States." *Espinoza Palacios v. Hermosillo*, No. 2:26-CV-491-JNW, 2026 WL 686138, at *8 (W.D. Wash. Mar. 11, 2026). And in any event, a pre-detention hearing serves that interest rather than undermining it. The Government offers no reason why notice and a hearing were impractical here.

All *Mathews* factors favor Tineo Aroni and support finding that his detention violates due process. *Aslan v. Wamsley*, No. 2:25-cv-02698-JNW, 2026 WL 238675, at *3 (W.D. Wash. Jan. 29, 2026) (citing *E.A. T.-B.*, 795 F. Supp. 3d at 1324). It's undisputed that Tineo Aroni still hasn't received a hearing where a neutral arbiter determined he was a flight risk or danger to the community.

The Government argues that the appropriate remedy is a bond hearing, not release. Dkt. No. 7 at 5. That remedy is insufficient. Tineo Aroni has been detained without any process. A post-deprivation hearing cannot undo the constitutional violation that has already occurred and is continuing to occur. *See Kumar v. Bondi*, No. 2:25-cv-02285, 2025 WL 2677089, at *3 (W.D. Wash. Sept. 16, 2025) ("[R]elease following post-deprivation procedures is insufficient to remedy the alleged harm because the alleged harm, i.e., potentially erroneous detention, has happened and is continuing to occur.").

**3.4 The Government must follow the law before re-detaining Tineo Aroni again.**

Tineo Aroni asks the Court to prohibit his future re-detention absent prior notice and an opportunity for a hearing. Dkt. No. 1 at 7. The Court finds this relief necessary to fully realize the intent of this order.

Tineo Aroni has satisfied the requirements for a permanent injunction. *See eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006) ("A plaintiff must demonstrate: (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.").

Tineo Aroni suffered irreparable injury through the violation of his constitutional right to due process and more than 30 days of unlawful detention. No monetary remedy can compensate for the deprivation of physical liberty. The balance of hardships favors Tineo Aroni, as the injunction requires only that the Government comply with the Constitution before re-detaining him. And the public interest is served by an order prohibiting the Government from violating the Due Process Clause.

Tineo Aroni has also established a "cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). ICE has already detained him once

without process, raising concern that, absent injunctive relief, Tineo Aroni may be subject to the same due process violation again. Several courts in this District have granted similar relief under comparable circumstances. *See, e.g.*, *Nguyen v. Bondi*, No. 2:25-CV-02723-RAJ, 2026 WL 183819, at *6 (W.D. Wash. Jan. 23, 2026); *Wana v. Bondi*, No. 25-cv-2321, 2025 WL 3628634, at *6 (W.D. Wash. Dec. 15, 2025) (prohibiting re-detention without notice and hearing); *Tzafir v. Bondi*, No. 25-CV-02067-JHC-SKV, 2026 WL 74088, at *5 (W.D. Wash. Jan. 9, 2026) (same); *Yuksek v. Bondi*, No. 25-cv-2555, 2026 WL 60364, at *5 (W.D. Wash. Jan. 8, 2026) (same); *Do v. Scott*, No. 24-cv-2187, 2025 WL 3496909, at *6 (W.D. Wash. Dec. 5, 2025) (prohibiting re-detention without valid travel document and other specified conditions).

Accordingly, the Court prohibits the re-detention of Tineo Aroni unless the Government first gives him written notice of the basis for the proposed re-detention and an immigration court hearing is held to determine whether detention is appropriate.

## 4. CONCLUSION

Accordingly, the Court ORDERS:

1. The Petition for a Writ of Habeas Corpus is GRANTED, Dkt. No. 1.
2. Respondents must RELEASE Petitioner from custody within TWENTY-FOUR (24) hours of this order, subject to the conditions of his prior OREC.
3. Petitioner may not be re-detained unless Respondents provide Petitioner with written notice of the basis for the proposed re-detention in advance and

an immigration court hearing is held to determine whether detention is appropriate.

4. Within FORTY-EIGHT (48) hours of this order, Respondents must provide the Court with a status report confirming that Petitioner has been released from custody and informing the Court of the date and time of his release.

Dated this 20th day of November, 2026.

Jamal N. Whitehead
United States District Judge